UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CORNELIUS ANDERSON,

    Plaintiff,

  v.

ERIC ARNOLD et al.,

    Defendants.

No. 2:14-cv-2660 MCE AC P

ORDER

I.    Introduction

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. By order filed May 19, 2016, and judgment entered the same day, see ECF Nos. 19, 20, this action was dismissed without prejudice due to plaintiff's failure to comply with the court's October 20, 2015 directive that plaintiff file an amended complaint, see ECF No. 13. On May 31, 2016, plaintiff filed a motion to vacate the Court's dismissal order, pursuant to Federal Rule of Civil Procedure 60(b)(6). See ECF No. 22; see also ECF No. 21. For the reasons that follow, plaintiff's motion will be granted.

II.    Motion For Relief From Final Judgment

    Rule 60(b)(6) provides that "the court may relieve a party . . . from a final judgment, order, or proceeding for . . . any . . . [unenumerated] reason that justifies relief." Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only

1

where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (citation and internal quotation marks omitted). "A party moving for relief under Rule 60(b)(6) must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." Id. (citation and internal quotation marks omitted).

Plaintiff's arguments in support of his motion are rambling and disjointed, much like the several documents he initially filed in an attempt to commence this action. See ECF Nos. 1-2, 5-6. Plaintiff states that he is 80 years old and suffers from diabetes, hydrocephalus, a blood clot resulting from a "Wallenberg Syndrome stroke," a prior heart attack, loss of vision and equilibrium, swollen feet, bloody toe nails, and more. See ECF Nos. 21, 22; see also ECF No. 18. It is clear that plaintiff is elderly and infirm, and sought by filing this action to pursue claims for deliberate indifference to his serious medical needs.

The Court finds plaintiff's advanced age and physical infirmities to be "both injury and circumstances beyond [plaintiff's] control that prevented him from proceeding with [this] action in a proper fashion." Harvest, 531 F.3d at 749. This finding rests on construing Rule 60(b)(6) "sparingly as an equitable remedy to prevent manifest injustice." Id. Although it is not certain that plaintiff will be able to properly pursue this action if given another opportunity, the Court is persuaded by plaintiff's recent filings that he should be accorded a final opportunity to do so. Plaintiff is directed to the legal standards for stating a deliberate indifference claim, and for clearly articulating his claims against specific defendants in an amended complaint. Without a coherent complaint, plaintiff will not be permitted to proceed in this action.

   III.   Legal Standards Applicable to Plaintiff's Amended Complaint
       A.   Legal Standards for Stating a Cognizable Prisoner Civil Rights Claim

To state a cognizable civil rights claim under Section 1983 against a particular defendant, plaintiff must allege that the defendant engaged in, or failed to engage in, specific conduct that resulted in a violation of plaintiff's legal rights. "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in

1  another's affirmative acts or omits to perform an act which he is legally required to do that causes
2  the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.
3  1978); see also Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988) ("The inquiry into causation
4  must be individualized and focus on the duties and responsibilities of each individual defendant
5  whose acts or omissions are alleged to have caused a constitutional deprivation."). There can be
6  no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a
7  specific defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 371
8  (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, supra, 588 F.2d at
9  743. Vague and conclusory allegations of official participation in civil rights violations are not
10 sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Thus, plaintiff must
11 identify each defendant, the challenged actions or inactions of each defendant, and alleged how
12 these actions or inactions deprived plaintiff of his constitutional rights. Rizzo, 423 U.S. at 371.
13 Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the
14 claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
15 what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550
16 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

17      "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,'
18 but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."
19 Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for
20 failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to
21 "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A
22 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
23 the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility
24 standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility
25 that a defendant has acted unlawfully." Id. (citing Twombly at 556). "Where a complaint pleads
26 facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between
27 possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly at 557). A
28 complaint that fails to identify specific acts by each defendant that allegedly violated the

3

plaintiff's rights fails to meet the notice requirements of Rule 8(a).  See Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir.1982).

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

    B.    Legal Standards for Stating a Deliberate Indifference Claim

    "[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment.  This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed."  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (internal citations, punctuation and quotation marks omitted).  "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they 'deny, delay or intentionally interfere with medical treatment.'"  Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)).

    "In the Ninth Circuit, the test for deliberate indifference consists of two parts.  First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.  This second prong ... is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks omitted); accord, Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Lemire v. CDCR,

726 F.3d 1062, 1081 (9th Cir. 2013).

To state a claim for deliberate indifference to serious medical needs, a prisoner must allege that a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

### IV.   Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's "motion for expedited ruling," filed May 31, 2016, ECF No. 22, is construed as a motion for relief from final judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), and is GRANTED.

2. This Court's order and judgment entered May 19, 2016, ECF Nos. 19 & 20, are VACATED.

3. Plaintiff is directed to file, within thirty (30) days after the filing date of this order, a First Amended Complaint (FAC) on the form provided herewith.  The FAC shall be clearly presented on the form provided herewith and shall not exceed a total of 25 pages, including exhibits; the FAC shall be clearly and legibly presented without additional writing in the margins, between paragraphs or in other inappropriate places.

4. The Clerk of Court is directed to send plaintiff, together with a copy of this order, a blank complaint form used by prisoners in this district.

///
///
///
///
///
///
///
///

5. Plaintiff's failure to timely file a FAC will result in the dismissal of this action without prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated: September 22, 2016

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

6