UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELIUS ANDERSON, | No.  2:14-cv-2660 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| ERIC ARNOLD et al., | |
| Defendants. | |

    Plaintiff, a state prisoner at California State Prison Solano, proceeds pro se with a civil rights action filed pursuant to 42 U.S.C. § 1983.  This case was previously dismissed due to plaintiff's failure to respond to the court's order directing him to file an amended complaint.  See ECF Nos. 17, 19, 20.  By order filed September 23, 2016, District Judge Morrison C. England reopened this case and directed plaintiff to file a First Amended Complaint within thirty (30) days.  See ECF No. 23.  On October 6, 2016, plaintiff filed the pending nine-page document construed by the Clerk of Court as a request for appointment of counsel.  See ECF No. 24.

    Plaintiff's new filing, which is largely incoherent, seeks a "good mouth piece lawyer."  ECF No. 24 at 1, 2.  Plaintiff states that he is 82 years old and disabled; that he has suffered two strokes and uses a cane.  Plaintiff also states that he is "yes a windbag but 'character' caliber standard."  Id. at 6.  Plaintiff does not discuss the claims he seeks to pursue in this case, or the merits of his claims.  He does, however, assert misconduct by the undersigned Magistrate Judge

for previously recommending dismissal of this case; asserts that Judge England's order adopting the undersigned's prior recommendation was comprised of "rambling lies lies you have a choice step carry this or face U.S. Supreme Court Justice Ruth Badger Believe me Sire" (sic); and suggests that Judge England could resolve this case if he spoke directly with plaintiff. Id. at 4-5.

Plaintiff is informed that district courts have no authority to require an attorney to voluntarily represent an indigent prisoner in a civil rights action. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). Only in certain exceptional circumstances may a district court request the voluntary assistance of a willing attorney. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

In addition to these standards, this court is required to consider each plaintiff's request for appointment of counsel in light of the regrettable fact that only a limited number of volunteer attorneys are available for appointment. In the present case, the court finds that plaintiff has not demonstrated exceptional circumstances warranting appointment of counsel at this time. Advanced age and disabilities are circumstances common to many prisoners. More importantly, plaintiff has not identified the substance of his anticipated legal claims or underlying facts, and so the court is unable to assess the complexity of plaintiff's claims or his likelihood of success on the merits of his claims. For these reasons, plaintiff's request for appointment of counsel will be denied without prejudice.

Nevertheless, the court will grant plaintiff additional time to file a First Amended Complaint. After the filing of his First Amended Complaint, plaintiff may again request appointment of counsel. The court will then have a better understanding of the complexity and

merits of plaintiff's claims.  Plaintiff is admonished, however, to refrain from impugning the judges who are reading his materials.  The court will continue to construe plaintiff's pleadings liberally and in the light most favorable to plaintiff.  Plaintiff, for his part, must state the facts supporting his claims clearly and concisely in an Amended Complaint.  That complaint will be screened according to the standards that have previously been explained to plaintiff.  See ECF No. 13 (explaining standards for screening pursuant to 28 U.S.C. § 1915A(b)(1)&(2)); ECF No. 23 (explaining pleading standards under Rule 8, Fed. Rules Civ. Proc., and standards for stating a deliberate indifference claim).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for appointment of counsel, ECF No. 24, is denied without prejudice.

2. Plaintiff is granted additional time, until Friday, November 18, 2016, to file a First Amended Complaint.

3. Failure to timely file a First Amended Complaint will result in a recommendation that this action be dismissed without prejudice.

SO ORDERED.

DATED: October 18, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE