UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELIUS ANDERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>ERIC ARNOLD et al.,<br><br>    Defendants. | No. 2:14-cv-2660 MCE AC P<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

I.  Introduction

Plaintiff is a state prisoner who proceeds pro se and in forma pauperis with this putative civil rights action challenging the quality of plaintiff's medical care. Plaintiff commenced this action while incarcerated at California State Prison-Solano (CSP-SOL), but was transferred to the California Medical Facility (CMF) approximately October 2016. See ECF No. 24 at 3. Currently pending is plaintiff's second request for appointment of counsel. For the reasons that follow, the undersigned denies plaintiff's request and recommends dismissal of this action without prejudice.

II.  Background

On May 19, 2016, this action was previously dismissed without prejudice due to plaintiff's failure to abide by the court's order that he file a cognizable pleading. See ECF No. 19. However, on September 23, 2016, the court granted plaintiff's request to reopen this case and directed him to file a cognizable complaint within 30 days. See ECF No. 23. Plaintiff was

1

thereafter granted additional time, to November 18, 2016, to file a cognizable complaint. ECF No. 25. The court denied without prejudice plaintiff's request for appointment of counsel. Id.

Plaintiff has not yet filed an amended pleading. However, on November 17, 2016, plaintiff filed the pending motion for appointment of counsel. ECF No. 26. The court finds that both appointment of counsel and additional time for filing an amended pleading would be futile.

As this court previously observed, pursuant to 28 U.S.C. 1915A, upon screening plaintiff's numerous initial filings, ECF No. 13 at 3:

> In the present case, plaintiff has identified as defendants Warden Arnold and six other prison officials and medical personnel at California State Prison, Solano. Plaintiff's complaint, styled as a petition for writ of mandate, is difficult to decipher. However, it appears that plaintiff is a disabled diabetic and has filed this action to complain about inadequate medical care. Specifically, plaintiff in his complaint expresses a concern about having another stroke and dying. . . . . The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.

Following the dismissal of this case without prejudice, the court granted plaintiff's request to reopen based on the following reasoning, ECF No. 23 at 2:

> Plaintiff's arguments in support of his motion are rambling and disjointed, much like the several documents he initially filed in an attempt to commence this action. See ECF Nos. 1-2, 5-6. Plaintiff states that he is 80 years old and suffers from diabetes, hydrocephalus, a blood clot resulting from a "Wallenberg Syndrome stroke," a prior heart attack, loss of vision and equilibrium, swollen feet, bloody toe nails, and more. See ECF Nos. 21, 22; see also ECF No. 18.
>
> It is clear that plaintiff is elderly and infirm, and sought by filing this action to pursue claims for deliberate indifference to his serious medical needs. The Court finds plaintiff's advanced age and physical infirmities to be "both injury and circumstances beyond [plaintiff's] control that prevented him from proceeding with [this] action in a proper fashion." Harvest, 531 F.3d [737] at 749 [9th Cir. 2007]. This finding rests on construing Rule 60(b)(6) "sparingly as an equitable remedy to prevent manifest injustice." Id. Although it is not certain that plaintiff will be able to properly pursue this action if given another opportunity, the Court is persuaded by plaintiff's recent filings that he should be accorded a final opportunity to do so. Plaintiff is directed to the legal standards for stating a deliberate indifference claim, and for clearly articulating his claims against specific defendants in an amended complaint. Without a coherent complaint, plaintiff will not be permitted to proceed in this action.

In denying plaintiff's prior request for appointment of counsel, which he filed in lieu of an amended complaint, the court reasoned, ECF No. 25 at 2-3:

> Plaintiff's new filing, which is largely incoherent, seeks a "good mouth piece lawyer." ECF No. 24 at 1, 2. Plaintiff states that he is 82 years old and disabled; that he has suffered two strokes and uses a cane. Plaintiff also states that he is "yes a windbag but 'character' caliber standard." Id. at 6. Plaintiff does not discuss the claims he seeks to pursue in this case, or the merits of his claims. .
>
> . . . . [T]he court finds that plaintiff has not demonstrated exceptional circumstances warranting appointment of counsel at this time. Advanced age and disabilities are circumstances common to many prisoners. More importantly, plaintiff has not identified the substance of his anticipated legal claims or underlying facts, and so the court is unable to assess the complexity of plaintiff's claims or his likelihood of success on the merits of his claims. For these reasons, plaintiff's request for appointment of counsel will be denied without prejudice.
>
> Nevertheless, the court will grant plaintiff additional time to file a First Amended Complaint. After the filing of his First Amended Complaint, plaintiff may again request appointment of counsel. The court will then have a better understanding of the complexity and merits of plaintiff's claims. . . . The court will continue to construe plaintiff's pleadings liberally and in the light most favorable to plaintiff. Plaintiff, for his part, must state the facts supporting his claims clearly and concisely in an Amended Complaint. That complaint will be screened according to the standards that have previously been explained to plaintiff. See ECF No. 13 (explaining standards for screening pursuant to 28 U.S.C. § 1915A (b)(1) & (2)); ECF No. 23 (explaining pleading standards under Rule 8, Fed. Rules Civ. Proc., and standards for stating a deliberate indifference claim).

III.   Discussion

Despite these admonishments, direction and additional time, plaintiff has again failed to file a cognizable pleading, but has instead filed another request for appointment of counsel. See ECF No. 26. As the court previously explained to plaintiff, district courts may seek the assistance of voluntary counsel only under exceptional circumstances.[1] The court must evaluate plaintiff's likelihood of success on the merits and his ability to articulate his claims pro se in light of the

---

[1] The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). Only in certain exceptional circumstances may the district court request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

1  complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th

2  Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to

3  most prisoners do not establish the requisite exceptional circumstances.  These considerations

4  must be balanced with the reality that only a limited number of attorneys are available to

5  represent indigent prisoners pro bono.  Simply put, there are not enough attorneys to represent all

6  indigent prisoners demonstrating exceptional circumstances.

7  　　　　　Plaintiff's pending request for appointment of counsel includes statements that appear to

8  have been "cut and pasted" from other documents.  The typewritten, cut-and-paste, provisions

9  include the following, ECF No. 26 at 3:

10  　　　　　Plaintiff [seeks] . . . [a]n enforcement order to get petitioner
admitted in outside Hospital for V.P. Stunt (sic) Surgery to remove
11  fluid from the base of my skull from the Wallenberg stroke that left
me paralyzed on my right side and loss of vision, equilibrium
12  problems and occasional falling down . . . Thereby, I have been
exposed to suffer in sever[e] pain for four years without medical
13  case. For four years! Dr. Lori Kohler, Inmate: Neurological Illness
reflect hydrocephalus!
14
　　　　　. . . . Dr. Shlensky explained I have noncommunicating encephalitis
15  which is characterized by a pre-senility symptom.  Basically,
pressure builds in the brain cavities and actually destroys brain
16  tissues and if an operation is not performed by this Dr. Harold D.
Segal Neurological surgeon [telephone number], I face a prospect
17  of irreversible senility or even living death.  Pro se plaintiff has had
two [physical] (sic) strokes since the commencement of this
18  litigation, and has likewise since been harassed by prison officials,
whereupon many of his "legal" papers . . . have been lost by prison
19  officials.

20  　　　　　Plaintiff's handwritten statements provide in pertinent part, id. at 26:

21  　　　　　To stop, Chief B. Premutter/Psy/ conspiracy threat . . . Hope you
listen well, it's "no" games.  This isn't any "Knieval" delimma,
22  diabetic "block" permanent-911-inmate has trouble seeing a
"neurological" surgeon, and get orthopedic boots custom made for
23  chrono ill fee, optomet, denist, podiatrist, all or because the CME
Dr. Kuersten and Dr. Mulligan /P. File "The Best Physician" Ms.
24  Lior Kohler-"B-yard medical," she my doctor.  But the CME of
Health Care Solano "denial" Pro per, Cares, All Defendant[s] at
25  Solano."

26  　　　　　The court again finds that plaintiff has failed to demonstrate exceptional circumstances

27  warranting appointment of counsel.  Advanced age, poor health and medical and psychological

28  disabilities are circumstances shared with many prisoners.  More importantly, plaintiff has again

4

failed to clarify the substance of his legal claims and underlying facts in a cognizable pleading, and so the court remains unable to assess plaintiff's likelihood of success on the merits of his claims.  Even broadly construing plaintiff's statements as attempted deliberate indifference claims in a putative amended complaint, they are not cognizable as framed because plaintiff is seeking only injunctive relief against CSP-SOL defendants.  These claims were rendered moot when plaintiff was transferred to CMF.  See Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir.2001) (explaining that "when a prisoner is moved from a prison, his action will usually become moot as to conditions at that particular facility").  If plaintiff has similar new claims against his current CMF medical providers, he must allege them in a new action.

For these reasons, plaintiff's request for appointment of counsel will be denied.

The undersigned further finds that granting plaintiff an additional opportunity to file a cognizable pleading would be futile.  "Leave to amend may be denied if a court determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'"  Abagninin v. AMVAC Chem. Corp., 545 F.3d 733, 742 (9th Cir.2008) (quoting Schreiber Distrib. Co. v. Serv–Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir.1986)).  "A district court may deny leave to amend when amendment would be futile."  Hartmann v.CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").  Due to the proven futility of according plaintiff additional guidance and opportunity to file a cognizable pleading, the undersigned recommends dismissal of this case without prejudice.

IV.    Conclusion

Accordingly, IT IS HEREBY ORDERED that plaintiff's November 17, 2016 motion for appointment of counsel, ECF No. 26, is DENIED.

Additionally, IT IS HEREBY RECOMMENDED that this action be DISMISSED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections

5

1  with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings

2  and Recommendations."  Plaintiff is advised that failure to file objections within the specified

3  time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

4  (9th Cir. 1991).

5  DATED: January 4, 2017

                                                                                               _____
                                                                                               ALLISON CLAIRE
                                                                                               UNITED STATES MAGISTRATE JUDGE