UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELIUS ANDERSON,<br><br>   Plaintiff,<br><br>   v.<br><br>ERIC ARNOLD et al.,<br><br>   Defendants. | No.  2:14-cv-2660 MCE AC P<br><br><br><u>ORDER</u> |

I.   Introduction

This action was dismissed without prejudice by order and judgment filed January 31, 2017.  <u>See</u> ECF Nos. 29, 30.  Plaintiff filed a notice of appeal on February 27, 2017, which is currently pending before the Ninth Circuit Court of Appeals.  <u>See</u> ECF Nos. 37, 38.  During the interval between entry of this court's judgment and plaintiff filing his notice of appeal, plaintiff filed three motions in this court:  (1) motion to vacate the judgment of dismissal, ECF No. 31, filed February 7, 2017; (2) motion for appointment of counsel, ECF No. 32, also filed February 7, 2017; and (3) motion for extension of time to file an appeal, ECF No. 35, filed February 17, 2017.  For the reasons that follow, each of these motions is denied.

////

////

////

II.     Motion for Relief From Final Judgment

Plaintiff moves, pursuant to Federal Rule of Civil Procedure 60(b)(6), for relief from this court's judgment of dismissal. See ECF No. 31. Plaintiff's motion, docketed February 7, 2017, was filed less than a week after entry of judgment and therefore within a "reasonable time" as required by Rule 60(c)(1). Moreover, because plaintiff's motion was filed within twenty-eight days after entry of judgment, the time for filing an appeal does not commence until this court rules on the motion. See Fed. Rule App. Proc. 4(a)(4)(A)(vi) ("If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure – and does so within the time allowed by those rules – the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion: . . . (vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered."). More specifically, here, where plaintiff filed a notice of appeal after filing his Rule 60 motion, the notice does not become effective until this court rules on his Rule 60 motion. See Fed. Rule App. Proc. 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment – but before it disposes of any motion listed in Rule 4(a)(4)(A) – the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.").

Thus, although generally "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal," Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam), this court retains jurisdiction to consider the merits of plaintiff's Rule 60 motion under Federal Rule of Appellate Procedure 4(a)(4)(B)(i). "Under Appellate Procedure Rule 4(a), a Rule 60(b) motion is 'pending' and suspends the effect of a notice of appeal when the motion is filed 'no later than 28 days after the judgment is entered.' Fed. R. App. Proc. 4(a)(4)(A)(vi)." Lasenbby v. State Farm Fire & Cas. Co., 2015 WL 3505320, at *1 n.5, 2015 U.S. Dist. LEXIS 72693, at *2 n.5 (D. Nev. June 2, 2015) (citing United Nat'l Ins. v. R & D Latex Corp., 242 F.3d 1102, 1109 (9th Cir. 2001) (notice of appeal did not divest district court of jurisdiction because motion for reconsideration was pending)); accord,

2

Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1129 n.2 (9th Cir. 2008) ("Construing Plaintiff's motion as seeking relief under either Federal Rule of Civil Procedure 59 or 60(b), that motion tolled the time period for filing the notice of appeal.") (citing, inter alia, Miller v. Marriott Int'l., Inc., 300 F.3d 1061, 1063-64 (9th Cir. 2002) (same principal applied to motions for reconsideration)).

Before turning to the merits of the instant motion, the court notes that plaintiff previously filed a Rule 60(b)(6) motion challenging the initial dismissal of this case without prejudice due to plaintiff's failure to file an amended complaint. By order filed September 23, 2016, the court granted plaintiff's first Rule 60(b)(6) motion, vacated judgment, reopened this case and accorded plaintiff additional time to file an amended complaint. See ECF No. 23. However, due to the subsequently demonstrated futility of according plaintiff additional time, the court again dismissed the action on January 31, 2017. See ECF No. 29; see also ECF No. 27 (findings and recommendations). It is this dismissal that plaintiff now challenges.

Federal Rule of Civil Procedure 60(b)(6) provides that "the court may relieve a party . . . from a final judgment, order, or proceeding for . . . any . . . [unenumerated] reason that justifies relief." "Judgments are not often set aside under Rule 60(b)(6). Rather, the Rule is used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment. Accordingly, a party who moves for such relief must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1103 (9th Cir. 2006) (citations, internal quotation marks and punctuation omitted). The "extraordinary circumstances" standard for assessing a Rule 60(b)(6) motion is intended to avoid a mere "second bite at the apple." In re Pacific Far East Lines, Inc., 889 F.2d 242, 250 (9th Cir. 1989).

Like plaintiff's prior filings, the instant motion lacks coherence and appears to be a patchwork of excerpts from other motions and/or cases. For example, although it previously appeared that plaintiff was attempting to challenge the quality of his medical care, he now avers in random fashion that he "submitted the above-entitled complaint against the incorrect

defendants;" he was deprived of his personal property "by prison officials in retaliation for the exercise of his First Amendment rights;" "due process violations are cognizable under 42 U.S.C. § 1983;" and the "lead defendant [name blacked out] has no personal involvement in the matter in dispute, and likewise enjoys absolute immunity[.]" ECF No. 31 at 1. The typewritten portion of the motion, like plaintiff's previous filings, is interlineated with handwritten statements.

The incomprehensibility of this motion underscores the reasons this court previously dismissed this case. As the magistrate judge reasoned most recently, dismissal is appropriate "[d]ue to the proven futility of according plaintiff additional guidance and opportunity to file a cognizable pleading." ECF No. 27 at 5. Plaintiff has presented no new or different facts or circumstances explaining his failure to properly pursue this action in the normal course or otherwise. Moreover, in the absence of any potentially cognizable claims, plaintiff's repeated requests for appointment of counsel do not demonstrate that plaintiff proceeding pro se presents an extraordinary circumstance.

Accordingly, plaintiff's motion for relief from final judgment pursuant to Rule 60(b)(6), Federal Rules of Civil Procedure, ECF No. 31, is denied. This action shall remain dismissed without prejudice.

### III.  Plaintiff's Additional Motions

Plaintiff's motion for appointment of counsel, ECF No. 32, is denied for the several reasons previously set forth by the magistrate judge, see ECF No. 27, and because appointment of counsel in support of plaintiff's instant Rule 60(b)(6) motion would be futile.

Plaintiff's motion to extend time to file his appeal, ECF No. 35, is denied as unnecessary. Plaintiff's notice of appeal, see ECF No. 37, will become effective upon the filing of the instant order. See Fed. Rule App. Proc. 4(a)(4)(B)(i).

///
///
///
///
///

IV. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that each of plaintiff's motions filed after entry of this court's January 31, 2017 judgment, see ECF Nos. 31, 32 and 35, are DENIED.

IT IS SO ORDERED.

Dated: March 13, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE